IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-cv-00422-D-RJ

| | |
|---|---|
| NEEDHAM CURTIS BARBOUR; and EDWARD BRIAN DUNN, on their own behalf and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>BEDDINGFIELD DRUGS, LLC and VEDIC PHARMACY, LLC,<br><br>*Defendants*. | **JOINT MOTION TO APPROVE SETTLEMENT UNDER THE FAIR LABOR STANDARDS ACT** |

Plaintiffs Needham Curtis Barbour and Edward Brian Dunn, and Defendants Beddingfield Drugs, LLC and Vedic Pharmacy, LLC (together the "parties"), jointly move this Court for an Order approving the waiver, release and settlement agreement (the "Settlement Agreement") attached hereto as Exhibit A. In support of the Motion the Parties state as follows:

1. This is an employment action in which Plaintiffs have asserted wage and hour claims against Defendants, their former employers. The primary claim stated in Plaintiff's pleadings is for failure to pay overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq. Specifically, Plaintiffs, who worked as delivery drivers, claim that they were not paid overtime for all hours worked in excess of 40 per workweek. They further claims that Defendants' alleged violation was willful and not based on any reasonable interpretation of the FLSA. Plaintiff Barbour therefore seeks back wages in the amount of approximately $8,000 for two years, an additional $12,000 in back wages for a third year (only available under the FLSA if the violation was willful), liquidated damages in the same amount as back wages, and attorneys' fees. Likewise, Plaintiff Dunn seeks back wages in the amount of approximately $3,000 for a third year (only

**1** / 5

available under the FLSA if the violation was willful), liquidated damages in the same amount as back wages, and attorneys' fees.

2. Defendants, on the other hand, dispute that the Plaintiffs worked overtime and, in the event they did, dispute the amount of overtime that was in fact worked. Defendants also argue that, in the event the Plaintiffs worked overtime for which they were uncompensated, Defendants were unaware of this practice that Plaintiffs were directed to only work 40 hours per week and thus any deficiency does not rise to the level of a willful violation, which would preclude Plaintiffs from obtaining a third year on the statute of limitations or liquidated damages. 29 U.S.C. §§ 255(a), 260.

3. The parties have engaged in discovery. Specifically, they have exchanged documents, with Defendant producing detailed time records that tracked the deliveries made by Plaintiffs. Plaintiffs also propounded additional written discovery requests and counsel has tentatively discussed a deposition schedule following the production of those most recent requests.

4. Settlement of FLSA claims is encouraged, but requires Court approval to ensure that it is a fair and reasonable resolution of a *bona fide* dispute. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1354-55 (11th Cir. 1982); *Taylor v. Progress Energy, Inc.*, 415 F.3d 364, 371 (4th Cir. 2005). In determining whether to grant approval, the Court should consider whether the settlement is fair and reasonable based on: "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiff; and (5) the probability of plaintiff's success on the merits and the amount of the settlement in relation to the potential recovery." *In re Dollar Gen.*, 2011 WL 3904609, at *2 (citations and quotation marks omitted). Here, all five factors militate in favor of settlement.

5. **Extent of Discovery**. As discussed above, the Parties have engaged in early and effective discovery which has significantly narrowed the dispute and has permitted the Parties to better understand the strengths and weaknesses of their various positions.

6. **Stage of Proceedings**. The Parties are on the verge of taking depositions and embarking on expensive dispositive motions practice and, if necessary trial practice. Accordingly, it is sensible for the parties to settle the case before incurring those extensive expenses.

7. **Fraud or Collusion**. There is no fraud or collusion in this settlement. Rather, it is the product of protracted discussions and negotiations that began shortly after the case was filed and only recently concluded.

8. **Experience of Plaintiff's Counsel.** Plaintiffs' counsel, Adam W. Ray, has been practicing for eight (8) years, during which he has represented plaintiffs and defendants in numerous types of litigation, including multiple different plaintiff in FLSA and other wage and hour actions. He is an experienced trial attorney and well-suited to evaluate his client's claims in this case.

9. **Probability of Success / Potential Recovery.** The settlement amounts of $20,709.58 and $3,690.58 for Plaintiffs Barbour and Dunn respectively (after accounting for attorneys' fees and costs), represents nearly full recovery of the amount of lost wages alleged by the Plaintiffs over a three year period. This amount properly recognizes Plaintiffs' potential, but far from certain, success on their FLSA claims. It also properly recognizes the risk associated with the allegations related to willfulness or bad faith on the part of Defendants that would justify extension of the statute of limitations and additional damages.

10. In light of the factors discussed above, the Settlement Agreement represents a fair, reasonable, and arms-length compromise of Plaintiffs' FLSA claims. Accordingly, it is the Parties'

desire that the Settlement Agreement be approved so that the settlement may be consummated, and this action may be dismissed with prejudice.

This date, Thursday, November 9, 2023.

**Williams & Ray, PLLC:**
*Attorneys for Plaintiff*


/s/ Adam W. Ray
Adam W. Ray
Attorney at Law
  Bar No.: 57035
  Williams & Ray, PLLC
  555 Fayetteville St., Ste. 201
  Raleigh, NC 27601
  Phone:  (888) 315-3841
  Fax:  (303) 502-5821
  Email:  aray@williamsray.com

**GOLDBERG SEGALLA**
*Attorneys for Defendants*

/s/ Thomas M. Buckley
Thomas M. Buckley
N.C. State Bar No. 26076
Allegra A. Sinclair
N.C. State Bar. No.: 44798
One City Plaza
421 Fayetteville Street, Suite 1210
Raleigh, North Carolina 27601
Telephone: (919) 582-0801
Facsimile: (919) 582-0899
Email: tbuckley@goldbergsegalla.com
       asinclair@goldbergsegalla.com

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that the original and/or a copy of the foregoing **JOINT MOTION TO APPROVE SETTLEMENT UNDER THE FAIR LABOR STANDARDS ACT** was served in this action on the date indicated below by the Court's CM/ECF filing system and by electronic mail, addressed as follows:

>Thomas M. Buckley
>Allegra A. Sinclair
>Goldberg Segalla
>One City Plaza
>421 Fayetteville Street, Suite 1210
>Raleigh, North Carolina 27601
>Telephone: (919) 582-0801
>Facsimile: (919) 582-0899
>Email: tbuckley@goldbergsegalla.com
>*asinclair@goldbergsegalla.com*
>*Attorneys for Defendant*

This date, Thursday, November 9, 2023.

>**Williams & Ray, PLLC:**
>*Attorneys for Plaintiff*

>/s/ Adam W. Ray
>Adam W. Ray
>Attorney at Law
>  Bar No.: 57035
>  Williams & Ray, PLLC
>  555 Fayetteville St., Ste. 201
>  Raleigh, NC 27601
>  Phone:  (888) 315-3841
>  Fax:     (303) 502-5821
>  Email:   aray@williamsray.com